USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEREN MATANA,

       Plaintiff,

  -v-

J. EZRA MERKIN, GABRIEL CAPITAL CORP.,

       Defendants.

------------------------------------------------------------X

13 Civ. 1534 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On July 30, 2013, this Court issued an Opinion & Order (the "Opinion"), granting defendants' motion to dismiss the Complaint in its entirety, dismissing some claims with prejudice and others without. *See* Dkt. 41. The Court assumes familiarity with the Opinion. Relevant here, the Court dismissed three of plaintiff Keren Matana's five claims as untimely. In doing so, the Court rejected KM's argument that it was entitled to equitable tolling of the statutes of limitations. *See* Opinion 18–19. On August 2, 2013, KM filed a motion for reconsideration of that decision, on the sole ground that the Court erred in denying equitable tolling. *See* Dkt. 46 ("Bamberger Decl.").

The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have

previously been made." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). On a Local Rule 6.3 motion, "a party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.) (citation omitted). Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

In seeking equitable tolling, KM argued that, in refraining from bringing a lawsuit in its own name, it assumed that the New York Attorney General's pursuit of a Martin Act lawsuit on behalf of all investors in Merkin's funds would suffice to protect KM's interests. That reliance proved misplaced: As alleged by KM, the NYAG's settlement with Merkin and other defendants effectively excluded KM from any recovery.

To be sure, as the Court observed, if KM's characterization of the NYAG's settlement with Merkin were true, it would cast doubt on the NYAG's exercise of judgment and discretion in the settlement process. KM asserts, in effect, that in order to achieve a settlement with Merkin, the NYAG acquiesced to a provision that allowed Merkin to exclude KM out of spite, based on the fact that KM's principal, Benjamin Jesselson, sued Merkin in arbitration and prevailed in that proceeding—even though Jesselson's separate suit arose from his own personal investment, not KM's. Opinion 19.

But even assuming such an abdication of responsibility by the NYAG, that still would not absolve KM of the responsibility to act diligently to safeguard its own interests. Significantly,

KM had its own counsel. The NYAG was not counsel for KM. The NYAG had no duty to KM to look out for KM's particular interests in pursuing the litigation against Merkin, including in the settlement process. Further, as KM and its counsel had to appreciate, the NYAG is both a litigating body and an office run by an elected politician. As such, it is subject to political pressures, including optical and electoral ones. For better or worse, much as these pressures sometimes may lead the NYAG to bring cases that a private attorney would not (or should not) bring, they may also lead the NYAG to settle cases on terms that might be unsatisfactory to a private litigant or unacceptable or improper for counsel representing a plaintiff class.

Under these circumstances, KM and its counsel had no business whatsoever leaving KM's fate to the mercy of the NYAG. Nothing prevented KM from bringing its own lawsuit against Merkin and the other defendants, and thereby acting to preserve KM's rights against Merkin and the other defendants. Particularly as the statute of limitations on potential claims neared, it was highly imprudent for KM's counsel not to take such a basic precaution, in the hope that the NYAG would achieve equivalent relief for KM. Further, as the Court noted in the Opinion, to the extent duplicative cost was a consideration for KM, it was at liberty, after bringing suit, to ask that its lawsuit be stayed pending the outcome of the NYAG's action.

These circumstances compel the Court to deny KM's claim for equitable tolling. And the Court's colloquy with KM's counsel at argument reinforced the point. They revealed that KM's decision to forego a lawsuit was not a thoughtless oversight, but "a strategic choice animated by the desire to save legal costs." *Id.* at 18. KM's motion for reconsideration takes issue with the Court's characterization of the basis for KM's decision to rely on the NYAG action, explaining that KM's decision was "a product of many factors," including: avoiding the risk of loss in arbitration; the lower standard of proof in a Martin Act case; and the absence of scienter and

3

reliance requirements in a Martin Act case. Bamberger Decl. ¶ 9. Thus, "cost was not the sole factor influencing the decision not to file and . . . the Court overlooks the complexity of the decision by making it sound, in the Opinion, as if cost was the *sole* factor." *Id.* (emphasis in original). But KM misses the point. It is immaterial that cost, as opposed to a combination of factors including cost, motivated KM's decision not to protect its own interests. The pertinent point is that KM made a *strategic* decision not to file suit, whatever the thinking may have been. Having made a considered decision to forego a lawsuit, and having calculated that it was worth it to run the risk of having such a lawsuit held time-barred, KM is singularly ill-positioned to ask now to be spared the consequences of its choices.

KM's motion for reconsideration also points to numerous representations made by both the NYAG and defense counsel that, it states, led KM to mistakenly believe that its interests would be protected in the NYAG action. *See* Bamberger Decl. ¶¶ 10–19. But in the motion, plaintiff's counsel also represented:

> Yes I had been told that investors who arbitrated *might* be excluded—and that this exclusion might reach certain related entities, such as family trusts, which had also filed an arbitration. But I was never told (and it was never hinted) that *purely charitable entities* . . . were ineligible.
>
> Perhaps KM gambled to some extent on *how much* it would recover through the AG settlement—but it never doubted for a second that it would recover something. KM never knowingly assumed the risk it would be excluded entirely. That thought never even occurred to KM.

*Id.* ¶¶ 11–12 (emphasis in original). The point made previously stands: "KM is not an unrepresented ward who may credibly throw itself upon the mercy of a court. KM was itself, at all relevant times, represented by counsel." Opinion 17. KM's counsel's mistaken belief that the NYAG would protect KM's interests as if the NYAG were KM's counsel is a most unpersuasive

4

rationale for equitable tolling. If KM regarded it as a priority to avoid being where it is today, basic prudence dictated that KM, through counsel, act independently to safeguard its interests.

KM's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion pending at docket number 43.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: August 6, 2013
       New York, New York

5